IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GARY HOGGARD, DAWN DALE, and TERRY SANDERS, SR., <br><br>Plaintiffs<br><br>vs.<br><br>MICK KEANE'S EXPRESS DELIVERY SERVICE, INC, d/b/a KEANE'S EXPRESS DELIVERY<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Gary Hoggard, Dawn Dale, and Terry Wayne ("Plaintiffs"), individually and on behalf of others similarly situated, files this Collective Action Complaint, and state as follows:

1.  This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Mick Keane's Express Delivery Service, Inc., d/b/a Keane's Express Delivery ("Defendant") on behalf of all current and former couriers who worked for Defendant during the past three (3) years. Plaintiffs and the Putative Class are current and former employees who seek damages for unpaid overtime.

## JURISDICTION AND VENUE

2.  This court has original jurisdiction over this action under 29 U.S.C. § 201 *et seq.,* 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391. Defendant employed Plaintiffs in this District and Defendant has conducted, and continues to conduct, business within this District during relevant periods to this action. Events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District

## PARTIES

4. Plaintiffs Hoggard and Dale have been residents of Missouri in this District, and all three named Plaintiffs have performed work as FLSA non-exempt employees within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Sanders Sr. has been a resident of Illinois during this period. Plaintiffs' Consents to Join this collective action are attached hereto as Exhibit A.

5. Defendant Mick Keane's Express Delivery Service, Inc., is a Missouri corporation with its principal place of business located at 11327 Gravois Rd. Ste 202, St. Louis, MO 63126. Defendant may be served through its registered agent Mike Kaemmerer, located at 825 Maryville Centre Drive, Suite 300, Town and Country, MO 63017.

## FACTUAL BASIS FOR SUIT

6. According to Defendant's website, Defendant has been providing "transportation solutions in the St. Louis Metropolitan Area for over 20 years," as a package-delivery service. It employs couriers to load, transport and unload packages and orders of sizes ranging from small to very large. Couriers provide emergency, standard, secondary or same-day service using sedans, small trucks, full-size open pick-up trucks, 24-26' box trucks and 21' stake trucks. Defendant also provides lift gate service for all large trucks. Couriers handle small and mid-size deliveries within time frames requested

by clients and can deliver large loads either dock-to-dock or off-loaded at any job site, as requested by the client.

7. Defendant employed/employs Plaintiffs and others similarly situated as couriers to transport deliveries and has misclassified them as independent contractors.

8. The "Putative Class" refers to all individuals who worked for Defendant as a courier during the previous three (3) years and have not been properly paid under the FLSA as they have been improperly classified as independent contractors.

9. Defendant has been Plaintiffs' and the Putative Class members' "employer" within the meaning of 29 U.S.C. § 203(d) and §203(r) at all times material to this action.

10. At all times material to this action, Plaintiffs and Putative Class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and performed work for Defendant within the territory of the United States, within the three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs and the Putative Class have engaged in interstate commerce as Defendant's employees during the applicable statutory period.

12. Plaintiffs were employed as couriers, improperly classified as independent contractors, and were improperly paid only commission for deliveries, and not paid one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

13. Plaintiffs and the Putative Class members operated motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate commerce that were not designed to transport passengers or hazardous materials.

14. Plaintiffs and the Putative Class members loaded, transported, and unloaded packages and materials for clients of Defendant.

15. Plaintiffs and the Putative Class members worked in excess of forty (40) hours per week for Defendant in most, if not all weeks, of their employment with Defendant.

16. Plaintiffs and the Putative Class members were typically scheduled to work five (5) days per week for a scheduled forty-two (42) hours and thirty (30) minutes per workweek. However, they regularly worked in excess of forty-five hours per week and were not paid one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

17. Specifically, Plaintiffs and the Putative Class were scheduled to begin their shift at 6:30 a.m., and end their shift at 3 p.m. However, they regularly began their shifts at 6:00 a.m. and ended their shifts between approximately 3:30 p.m. and 6:00 p.m.

18. Plaintiffs and the Putative Class members were not allowed to leave their service area during their shift. Plaintiffs and the Putative Class members did not receive duty-free breaks lasting longer than 20 minutes during their shifts.

19. Plaintiffs and the Putative Class are entitled to FLSA overtime compensation at one- and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours per week and were not paid for at an overtime rate.

20. Defendant's other employees were treated similarly. Defendant improperly classified all couriers as independent contractors and denied wages owed to them as employees based on Defendant's common practice of failing to pay all overtime due.

21. Defendant knew and was aware at all relevant times that it was not compensating Plaintiffs and the Putative Class at the appropriate overtime rate for all compensable time worked over forty (40) hours per week. Defendant can cite no good faith basis for this failure.

22. Plaintiff Gary Hoggard filed a complaint with the United States Department of Labor (DOL) against Defendant for unpaid overtime wages. In approximately June 2020, after an investigation, the DOL informed Defendant that it was improperly denying overtime payments to couriers and requested Defendant to pay any back wages owed. Defendant failed to make such payments, and in approximately July 2021, the DOL informed Plaintiff Hoggard that Defendant failed to make such payments. This letter is attached hereto as Exhibit B.

23. Defendant's compensation practices violated 29 U.S.C. § 207(a)(1).

24. As a result of Defendant's bad faith and willful failure to pay Plaintiffs and the Putative Class in compliance with the FLSA, Plaintiffs and the Putative Class have suffered lost wages in the form of overtime compensation.

25. The net effect of Defendant's common plan, policy, and/or practice of failing to pay its FLSA non-exempt employees overtime compensation unjustly enriched the Defendant, which enjoyed ill-gained profits at the expense of Plaintiffs and the Putative Class, and also enjoyed lower payroll taxes thereby.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

27. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

28. The proposed collective class of similarly situated persons, also referred to in this Complaint as the "Putative Class" is defined as:

> All current and former individuals who performed any work for Mick Keane's Express Delivery Service Inc., as a courier and who worked in excess of forty (40) hours in any week from three (3) years prior to the filing of this Complaint through the present.

29. Plaintiffs and the Putative Class are "similarly situated" for the purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a common pay scheme whereby Defendant's non-exempt employees were denied overtime pay and paid in a manner that is unlawful under the FLSA.

30. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the Putative Class with respect to Defendant's payroll policies, which universally denied Plaintiffs and members of the Putative Class all overtime compensation.

31. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

32. Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members.

33. Counsel for Plaintiffs will adequately protect his interests as well as the interests of the Putative Class.

34. The precise number of Putative Class can be easily ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. The Putative Class may be informed of the pendency of this action directly via U.S. mail, e-mail, text message and by posting notice at Defendant's place of business/work sites.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

36. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Putative Class members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

37. Plaintiffs were not independent contractors and were non-exempt employees entitled to overtime compensation under the FLSA.

38. Putative Class members were not independent contractors and were non-exempt employees entitled to overtime compensation under the FLSA.

39. Plaintiffs were directed and/or suffered or permitted by Defendant to work, and did work, over 40 hours in one or more individual workweeks without being

paid overtime pay at one and one-half times their regular rates of pay for hours in excess of 40 in those workweeks.

40. Putative Class members were directed and/or suffered or permitted by Defendant to work, and did work, over 40 hours in one or more individual workweeks without being paid overtime pay at one and one-half times their regular rates of pay for hours in excess of 40 in those workweeks.

41. Defendant paid Plaintiffs commissions and failed to pay them overtime compensation.

42. Defendant paid Putative Class members commissions and failed to pay them overtime compensation.

43. Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one and one-half times their regular rates of pay when he worked over 40 hours in one or more individual workweeks.

44. Defendant violated the FLSA by failing to pay overtime to Putative Class members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

45. Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiffs and the Putative Class members overtime pay.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court grant relief against the Defendant as follows:

(a) Award Plaintiffs and the Putative Class all unpaid overtime compensation against Defendant;

(b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiffs and members of the Putative Class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e) Award Plaintiffs and the Putative Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(f) Award post-judgment interest and court costs as allowed by law;

(g) Enter an Order designating this action as an opt-in collective action under the FLSA;

(h) Enter an Order directing the issuance of notice to Putative Class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

(i) Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

(j) Provide additional general and equitable relief to which Plaintiffs and the Putative Class may be entitled; and

(k) Provide further relief as the Court deems just and equitable.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

Respectfully submitted,

/s/ Russell C. Riggan
Russell C. Riggan (#53060MO)
Samuel W. Moore (#58526MO)
Riggan Law Firm LLC
130 West Monroe Ave.
Kirkwood, MO 63122
Phone: (314) 835-9100
russ@rigganlawfirm.com
smoore@rigganlawfirm.com


/s/ David Ricksecker
David Ricksecker*
VA Bar No. 47333
Matthew D. Purushotham*
VA Bar No. 90996
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
E-mail: dr@mselaborlaw.com
E-mail : mdp@mselaborlaw.com

*Pro hac vice admission forthcoming

**Attorneys for Plaintiffs and Others Similarly Situated**